LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HERNANDO BARRIOS
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

    v.

CORA REALTY CO., LLC.,
CHESTNUT HOLDINGS OF NEW YORK, INC.,
MANUEL PHILIPS, JONATHAN WIENER, and
BEN RIEDER,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, HERNANDO BARRIOS, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through the undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, CORA REALTY CO., LLC., CHESTNUT HOLDINGS OF NEW YORK, INC., MANUEL PHILIPS, JONATHAN WIENER, and BEN

1

REIDER (the Corporate Defendant and Individual Defendant are each individually referred to as a "Defendant" or, collectively "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime premium, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) liquidated damages, (5) statutory penalties, and (6) attorneys' fees and costs.

3. Plaintiff further alleges that he is entitled to recover compensatory damages from Defendants, based on Defendants' breach of a contract between the parties.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, HERNANDO BARRIOS, is a resident of Bronx County, New York.

7. Defendant, CORA REALTY CO., LLC., is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at 5676 Riverdale Avenue, #307, Riverdale, NY 10471.

8. Defendant, CHESTNUT HOLDINGS OF NEW YORK, INC., is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at 5676 Riverdale Avenue, #307, Riverdale, NY 10471.

9. Individual Defendant, JONATHAN WIENER, is the Chief Executive Officer and Owner of Defendants CHESTNUT HOLDINGS OF NEW YORK, INC., and CORA REALTY CO., LLC.

10. Individual Defendant, BEN REIDER, is a senior executive officer of Defendants CHESTNUT HOLDINGS OF NEW YORK, INC., and CORA REALTY CO., LLC.

11. Individual Defendant, MANUEL PHILIPS, is a senior executive officer of Defendant CORA REALTY CO., LLC.

12. At all relevant times, the Corporate Defendants were and continue to be "enterprises engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

14. Defendants operate a property management business that owns and operates in excess of one hundred residential rental properties located in New York City. Defendants' properties are operated collectively as a single integrated enterprise commonly owned and controlled by Defendants. Specific facts supporting the assertion that Defendants operate as a single integrated enterprise are as follows:

   i. Defendants share a single corporate leadership, including CEO Jonathan Wiener and senior corporate officer Ben Rieder;

ii. Defendants share a corporate headquarters located at 5676 Riverdale Ave., Riverdale, NY 10471.

iii. Defendants market apartments at each of their properties to potential tenants;

iv. Corporate officers of Defendants (including the Individual Defendants) frequently visit each of the properties they own to inspect the premises and to address the concerns of tenants;

v. Defendants maintain a single website, https://chestnutholdings.com/;

vi. Defendants permit residents of any of their residential apartment buildings to submit rent payments and submit requests for repairs at their respective buildings online at https://chestnutholdings.com/;

vii. Defendants permit employees at all of the properties to log on to a special, password-protected employees-only section of their website;

viii. Defendants real estate management business maintains centralized labor relations and single payroll system for employees working at all properties. Defendants' policies with respect to employee compensation at all the properties are formulated and instituted by Defendants' centralized human resources department.

ix. Employees at Defendants' properties are interchangeable. Defendants maintain the authority to transfer employees between the properties on an as-needed basis, such as to perform particular repairs or to fill in for absent employees. For example, during his employment by Defendants, Plaintiff was instructed by Defendants to report to and work at another one of their buildings (located in Bay Ridge) because extra help was required at that building.

15. Individual Defendants are each principals and senior executive officers of the Corporate Defendants named herein and are each employers as to Plaintiff.

16. Each of the Individual Defendants listed had control over the terms and conditions of Plaintiff's employment, and those of similarly situated employees. Specifically, with respect to Plaintiff and other similarly situated employees, Individual Defendants maintained the authority to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) maintain employees' employment records and (v) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Moreover, Individual Defendants exercised functional control over the business and financial operations of the Corporate Defendants.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all of Defendants' non-exempt employees (including, but not limited to, superintendents, porters, janitors, field managers and building managers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

(i) minimum wages and (ii) overtime premium. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

21. Plaintiff brings claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, superintendents, porters, janitors, field managers and building managers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

24. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the appropriate minimum wages required by state law, (ii) failing to pay overtime compensation for workweeks in excess of 40 hours, (iii) failing to pay "spread of hours" premium for shifts exceeding 10 hours in duration, (iv) failing to provide proper wage statements to Class members as required under the New York Labor Law, and (vi) failing to provide proper wage and hour notices to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants failed to properly compensate Plaintiff and Class members at the prevailing minimum wage rate;

    e) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime at one and one-half times the regular pay rate for all hours worked over 40 per workweek;

    f) Whether Defendants compensated Plaintiff and Class Members on a fixed salary agreement, even though there was never any agreement that such fixed salary covered overtime hours worked;

    g) Whether Defendants misclassified Plaintiff and Class Members as exempt under the NYLL;

    h) Whether Defendants paid Plaintiff spread of hours premium for working shifts exceeding 10 hours in duration;

    i) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

    h) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## **STATEMENT OF FACTS**

28. On or about February 14, 2017 Plaintiff, HERNANDO BARRIOS, was hired by Defendant MANUEL PHILIPS to work as a superintendent at Defendants' residential property located at 3165 Decatur Avenue, Bronx, NY 10467. Plaintiff worked for Defendants until on or about September 1, 2017.

29. During his employment by Defendants, Plaintiff worked 7 days a week for 10-11 hours per day, for a total of approximately 70-74 hours per week. Likewise, FLSA Collective Plaintiffs and Class Members regularly worked weeks exceeding 40 hours in length, and shifts exceeding 10 hours in duration.

30. Plaintiff received his compensation on a fixed salary basis, at a rate of $400 per week throughout his employment period. Plaintiff was paid on a fixed salary basis even though he never agreed that the fixed salary that he received would cover the overtime hours he was required to work each week. Likewise, other FLSA Collective Plaintiffs and Class Members were each paid on a fixed salary basis, even though they never agreed that the fixed salaries that they received each week would cover overtime hours.

31. Plaintiff's salary of $400 per week is equivalent to compensation at a base hourly of $5.71 for all hours worked, which is below the prevailing New York and federal minimum wage

rates. Likewise, FLSA Collective Plaintiffs and Class Members were compensated at rates below the prevailing New York and federal minimum wage rates.

32. Plaintiff, FLSA Collective Plaintiffs, and Class Members were never exempt from either the FLSA or the NYLL under the "independent contractor" exemption. Defendants and supervisory officials of Defendants' property management business had full control over the terms and quality of the employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members, including the power to hire and fire them, reprimand them directly if they did not perform work properly or disobeyed Defendants' instructions, change their work schedules, change their rates of compensation, and alter their job duties.

33. N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.4 provides an exemption under New York State law, under which janitorial employees at residential apartment buildings may be paid at subminimum wage rates calculated on how many apartment units are in the building they manage. However, this exception applies only to employees who (i) live in the residential building (and therefore receive compensation in the form of a free apartment and free utilities) and (ii) are specifically and explicitly designated by the employer as the "janitor" for a building for purposes of the NYLL. Plaintiff never lived in the building he managed at 3165 Decatur Avenue, Bronx, NY 10467, and was never designated as the "janitor" for such building by Defendants. Similarly, Class Members were not subject to the NYLL janitorial exemption as they either did not live in the buildings that they worked at, or were not explicitly designated by Defendants as the building's "janitor" for NYLL purposes, or both.

34. From on or about August 17, 2017 until on or about September 1, 2017, Plaintiff worked his regular scheduled hours. However, for this period, Defendants failed to compensate Plaintiff at all for any of his hours worked.

35. Plaintiff sent Defendant MANUEL PHILIPS a written complaint regarding Defendants' wage violations on August 31, 2017, but never received any response from Defendants.

36. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by New York Labor Law. Plaintiff never received any wage and hour notice upon the commencement of his employment, or as required thereafter. The wage statements provided to Plaintiff and Class Members did not comply with the requirements of the NYLL, as they did not include the hourly rate of pay, the number of hours worked per period, the total annual compensation to date, the phone number of Defendants, and other required information under the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members the prevailing minimum wage under either the FLSA and the New York Labor Law.

38. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

39. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other non-exempt employees.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

42. Defendants knowingly and willfully violated Plaintiff's rights by paying him on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

43. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

46. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

47. At all relevant times, Corporate Defendants had gross revenues in excess of $500,000.00.

48. At all relevant times, the defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, FLSA Collective Plaintiffs and the Class.

49. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, FLSA Collective Plaintiffs and the Class for their hours worked in excess of 40 hours per workweek.

50. Defendants failed to properly disclose or apprise Plaintiff, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, FLSA Collective Plaintiffs and the Class are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, FLSA Collective Plaintiffs and the Class suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages

53. Records, if any, concerning the number of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class members, as well as the actual compensation paid to Plaintiff, FLSA Collective Plaintiffs and Class members are in the possession and custody of the Defendants. Plaintiff, FLSA Collective Plaintiffs and Class members intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, FLSA Collective Plaintiffs and Class members at the statutory rate of minimum wage, and the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

56. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

57. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

58. Plaintiff realleges and reavers Paragraphs 1 through 58 of this Complaint as if fully set forth herein.

59. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

60. Defendants willfully violated Plaintiff's rights by failing to pay them at the statutory rate of minimum wage required under the New York Labor Law.

61. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

62. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

63. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

64. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

65. Defendants willfully violated Plaintiff's rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiff is a non-exempt employee who must be paid on an hourly basis.

66. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, overtime premiums, unpaid "spread of hours" premiums, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III

## BREACH OF CONTRACT

67. Plaintiff is entitled to compensatory damages resulting from Defendants' failure to compensate him at all for working between August 31, 2017 and September 1, 2017.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

d. An award of back wages due under the FLSA and the New York Labor Law.

e. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

f. An award of unpaid "spread of hours" premium due under the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

h. An award of compensatory damages resulting from Defendants' breach of their employment contract with Plaintiff.

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation and "spread of hours" premiums pursuant to the New York Labor Law;

j. An award of statutory penalties, and prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

l. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiff as Representative of the Class; and

o. Such other and further relief as this Court deems just and proper

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 14, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs And Class Members*

By: */s/ C.K. Lee*
C.K. Lee, Esq. (CL 4086)